## (March 18, 1965)

■ RUTH SCHUMAN, as Administratrix of the Estate of HENRY SCHUMAN, Deceased, Respondent, v. HERTZ CORPORATION et al., Appellants.— Order, entered on August 27, 1964, denying appellants' motion to dismiss the complaint on the ground that the action is barred by the Statute of Limitations, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the motion to dismiss the complaint granted, with $10 costs. Plaintiff contends that this action is not time-barred because it was commenced within the additional six-month period afforded by CPLR 205. That section permits the commencement of a new action within six months after the termination of a prior action where such termination results, *inter alia,* other than from " a dismissal of the complaint for neglect to prosecute the action ". The circumstances surrounding the dismissal of the complaint in the prior action are such as to compel a conclusion that the dismissal was occasioned by a " neglect to prosecute." The plaintiff's willful refusal to comply with the court's direction to select a jury and to proceed to trial permits of no other result. If indeed there were circumstances which may have warranted the granting of an adjournment to the plaintiff, the propriety of the court's refusal to do so could have been reviewed upon an appeal from the order which was subsequently entered denying plaintiff's application for restoration. That question, however, is not open to us for review on this appeal. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ MORTON M. SINGER et al., Respondents, v. AARON H. SINGER, Appellant, et al., Defendants.— Order, entered on January 15, 1965, as resettled on January 29, 1965, which directed a physical and mental examination of the appellant, unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellant, and the motion to vacate the notice granted, with $10 costs. An appeal is pending, presently, in this court from an earlier order which denied appellant's motion to dismiss the complaint in this case for insufficiency. Also pending is an appeal by some of these plaintiffs from a judgment entered in a proceeding instituted by them under article 5-A of the Mental Hygiene Law for the appointment of a committee of the property of this appellant and an examination of appellant, which judgment dismissed their petition on the merits. The appeals were consolidated for hearing on a single consolidated record. The summons and complaint in this case and notice for examination were served simultaneously, the notice presumably having been served pursuant to CPLR 3121. Since the complaint is under attack and the disposition of the appeal with respect thereto may determine the rights, if any, of the respondents to the relief claimed in this appeal, the examination sought should not now be permitted. Fragmentation of issues by three separate appeals in a case of this nature is not regarded with favor especially where, as here, the dispositive issue, determinative of the respective rights of the parties, is not squarely presented in the initial appeal, but comes to us for resolution in a subsequent appeal. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.